UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS A. SAMPEY, *et al*.

    Plaintiff,

                                          Case No. 14-CV-10743

vs.                                              HON. GERSHWIN A. DRAIN

FEDERAL HOME LOAN CORP., *et al*.,

    Defendant.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND CANCELLING THE JULY 7, 2014 HEARING

### I. Introduction

Plaintiffs Dennis and Elizabeth Sampey are seeking to set aside the foreclosure sale of their home. On January 20, 2014, Plaintiffs filed a Complaint in state court. The Complaint contains three counts. Count I seeks to set aside the foreclosure sale. Count II alleges intentional infliction of emotional distress. Count III alleges a breach of MCL 600.3205c. Defendants in the case are Bank of America ("BoA"), the Federal Home Mortgage Corporation ("Freddie Mac"), and Ocwen. BoA filed a Petition for Removal on February 18, 2014. BoA filed its Motion to Dismiss on March 21, 2014. Freddie Mac and Ocwen filed their joint Motion to Dismiss on April 14, 2014. All Parties have fully briefed the Motions. Oral Argument will not assist the Court in handling the issues in the case. Therefore, the Court will decide the

Motions on the briefs submitted pursuant to Local Rule 7.1(f). For the reasons below, the Court GRANTS the Defendants' Motions and DISMISSES the Complaint.

## II. Factual Background

In 2003, Plaintiffs obtained a loan from Guaranty Residential Lending, Inc. to purchase a property in Webberville, Michigan, and a mortgage secured that loan. The Mortgage Electronic Registration System ("MERS") was the designee on the mortgage. MERS assigned the mortgage to BoA in April of 2011. In August of 2012, BoA transferred the Mortgage to Ocwen. In January of 2013, Plaintiffs went into default. Ocwen's foreclosure counsel sent a Foreclosure/Housing Counselor Notice to Plaintiffs. Def. BoA's Ex. F. M.C.L. 600.3205c requires lenders and borrowers to engage in loss mitigation, but Plaintiffs did not qualify for a loan modification. Ocwen initiated a foreclosure by advertisement, and published notice of the foreclosure sale in a qualifying newspaper for four weeks. On April 29, 2013, Ocwen posted notice of foreclosure on the Plaintiffs' property. Freddie Mac purchased the Plaintiffs' home on May 22, 2013. Plaintiffs had until November 22, 2013 to redeem the property, but failed to so. Instead, Plaintiffs initiated the current action on January 20, 2014.

## III. Law and Analysis

### A. Standard of Review

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to make an assessment as to whether the plaintiff has stated a claim upon which

relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atl. Corp. v. Twombly*, the district court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).

When deciding a motion under Rule 12(b)(6), the court can take into account matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). The court can properly treat documents the defendant attaches to its motion as pleadings if those documents are central to the plaintiff's complaint and its claims. *Werner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997).

### B. Defendants' Motions

Each Defendant argues the Court should dismiss the Plaintiffs' Complaint for the same reasons. First, Plaintiffs no longer have standing to challenge the validity of the foreclosure because they filed a suit after the redemption period expired. Second, Plaintiffs have not adequately pled the tort of intentional infliction of emotional distress ("IIED"). Last, the claim

3

for breach of M.C.L. 600.3205 fails as a matter of law because Defendant Freddie Mac is a government-sponsored entity ("GSE").

### 1. Count I – Setting Aside the Foreclosure Sale

When a mortgagor's home undergoes a foreclosure by advertisement, Michigan law gives the mortgagor six months to redeem the sale. MICH. COMP. LAWS 600.3240(1). At the end of six months, the mortgagor loses "right, title, or interest in the property" if the mortgagor fails to redeem. MICH. COMP. LAWS 600.3236; *Piotrowski v. State land Office Bd.*, 4 N.W.2d 514, 517(Mich. 1942). After the redemption period, the mortgagor no longer has standing regarding the property. *Fortson v. Fed. Home Loan Mortg. Corp.*, No. 12-cv-10043, 2012 WL 1183692, at *3 (E.D. Mich. Apr. 9, 2012). If there is a defect in the foreclosure proceedings that causes prejudice towards the mortgagor, then the mortgagor will be able to set aside the foreclosure sale even after the redemption period has expired. *Conlin v. Mortgage Elect. Registration Sys., Inc.*, 714, F.3d 355 (6th Cir. 2013). This requires the mortgagor to make a strong showing of "fraud or irregularity, or some peculiar exigency[.]" *Page v. Kress*, 80 Mich. 85, 89 (1890). To establish prejudice, the mortgagor must show he "would have been in a better position to preserve [his] interest in the property absent the defendant's noncompliance with the statute." *Kim v. JP Morgan Chase Bank*, 493 Mich. 98 (2012).

Plaintiffs allege no fraud or irregularity in their Complaint. Instead their Response, they ask the Court to infer that there is an irregularity because they did not receive notice under M.C.L. 600.3205a(1). However, BoA has supplied an affidavit of compliance as required by the statute signed by Ocwen's foreclosure counsel. Def. BoA's Ex. F. In the absence of pleading

fraud or irregularity and resulting prejudice, the Court will DISMISS Count I of Plaintiffs Complaint to set aside the foreclosure sale.[1]

### 2. Count II – Intentional Infliction of Emotion Distress

The Supreme Court of Michigan has not officially recognized IIED. *VanVorous v. Buremeister*, 262 Mich. App. 467, 481 (Mich. Ct. App. 2004). The state's appellate courts, however, have discussed the claim and adopted the Restatement Second of Torts Definition of the tort. *Hayes v. Langford*, Docket No. 280049, 2008 WL 5158896, at *5 (Mich. Ct. App. Dec. 9 2008); *see also Early Detection Ctr., PC v. New York Life Ins.Co.*, 157 Mich. App. 618, 625, 403 N.W.2d 830 (Mich. Ct. App. 1986). To establish the prima facie case for IIED, a plaintiff must present evidence that defendant's conduct was extreme and outrageous; defendant's conduct was intentional or reckless; causation; and plaintiff suffered severe emotional distress. *Walsh v. Taylor*, 263 Mich. App. 618, 634, 689 N.W.2d 905 (Mich. Ct. App. 1985). Furthermore, defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Roberts v. Auto owners Ins. Co.*, 422 Mich. 594, 603, 374 N.W.2d 905 (1985).

Plaintiffs have not alleged any conduct in particular on behalf of any of the Defendants in this matter. The allegations in Count II simply recite elements of the claim. Such pleadings fail to meet the standards of Rule 8(a). Furthermore, Plaintiffs cannot state a tort claim in this action. Plaintiffs cannot maintain a tort claim based on the existence of a contract. *Merchants Publ'g Co. v. Maruka Mach. Corp. of Am.*, 800 F.Supp. 1490, 1493 (W.D. Mich. 1992). A tort action in

---

[1] Count I of the Complaint implies BoA did not honor an agreement to modify the loan secured by the mortgage. The statute of frauds for financial institutions requires plaintiffs to produce a signed agreement by the financial institution agreeing to modify the loan. Mich. Comp. Laws. 566.132(2). Without this writing, this allegation is unenforceable.

a contract setting must rest on a "duty distinct from the contract[.]" *Siecinski v. First State bank of East Detroit*, 209 Mich. App. 459, 465, 531 N.W.2d 768 (Mich. Ct. App. 1995). Plaintiffs have not established any duty outside of their contractual relationship with BoA or Ocwen. Moreover, the state of Michigan has held there is no duty between lender and borrower. *Kevelighan v. Trott & Trott, P.C.*, 771 F.Supp.2d 763, 799 (E.D. Mich. 2010). Plaintiffs have not sufficiently plead IIED against the Defendants, and cannot bring a tort action against Defendant BoA and Ocwen because neither owed Plaintiffs a duty outside of their contractual relationship. No relationship exists between Plaintiffs and Freddie Mac. The Court will DISMISS Count II.

### 3. Breach of M.C.L. 600.3205c[2]

This statute establishes a mortgage loan modification process as an alternative to foreclosure by advertisement. *See* MICH. COMP. LAWS 600.3205a(1)(c). When a lender initiates a foreclosure by advertisement in violation of the statute, the borrower can file an action to convert the foreclosure into a judicial foreclosure. MICH. COMP. LAWS 600.3205c(8). Plaintiff failed to file an action to convert the foreclosure by advertisement to a judicial foreclosure.

Moreover, Defendants were not required to follow the loan modification provisions in the statute because the purchaser of the loan was a GSE. When a GSE purchases a loan, the borrower must "follow the modification guidelines of the [GSE]." MICH. COMP. LAWS 600.3205c(3). Freddie Mac correctly argues that Plaintiffs' failure to plead they would have met its modification standards causes Count III to fail as a matter of law. Given Plaintiffs' failure to avail themselves of the exclusive remedy under M.C.L. 600.3205c and failure to plead they met Freddie Mac's modification standards, the Court will DISMISS Count III.

---

[2] This statute has been repealed and replaced by M.C.L. 600.3206.

### IV.  Conclusion

For the reasons mentioned above, the Court GRANTS Defendant BoA's Motion to Dismiss [#4] and Defendants Freddie Mac's and Ocwen's Motion to Dismiss [#10].  Plaintiffs' Complaint is DISMISSED.

SO ORDERED.

Dated:  July 3, 2014                                         /s/Gershwin A Drain
                                                                        GERSHWIN A. DRAIN
                                                                        UNITED STATES DISTRICT JUDGE